# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of ALL DAY ELECTRIC COMPANY, INC., a California Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>STRONGHOLD ENGINEERING, INC., a Calfornia Corporation; SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. 11CV1465 JLS (JMA)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE A FIRST AMENDED COUNTERCLAIM**<br><br>(ECF No. 23) |

Presently before the Court is Defendant and Counter-Claimant Stronghold Engineering, Inc.'s ("Stronghold" or "Defendant") Motion for Leave to File a First Amended Counterclaim. (Mot. File FACC, ECF No. 23)  Also before the Court is Plaintiff and Counter-Defendant All Day Electric Company, Inc.'s ("ADE") response in opposition, (Resp. in Opp'n, ECF No. 25), and Stronghold's reply in support, (Reply in Supp., ECF No. 26).  The hearing set for the motion on July 5, 2012, was vacated, and the matter taken under submission on the papers.  Having considered the parties' arguments and the law, the Court **GRANTS** Stronghold's motion.

//

## BACKGROUND

ADE filed a Miller Act, 40 U.S.C. § 3133, action against Stronghold and Safeco Insurance Company of America on July 1, 2011, also asserting claims for breach of contract, breach of implied warranty, and quantum meruit. (Compl., ECF No. 1) Defendants answered on August 29, 2011, bringing counterclaims against ADE for breach of contract (two counts) and reasonable value. (Countercl., ECF No. 7) Now, approximately eight months after filing its counterclaims, Stronghold filed the present motion to file amended counterclaims.[1]

Stronghold's amended complaint seeks to add one new cause of action against ADE and also to add a new counter-defendant, ARB, Inc. ("ARB"). (Mot. File FACC 1–3, ECF No. 23) The new cause of action is a tort claim for intentional misrepresentation, and the new counter-defendant is a California corporation that allegedly owns approximately 49% of ADE. (Mot. File FACC Ex. 1, ECF No. 23-4 (proposed FACC))

## LEGAL STANDARD

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). But while the rule should be interpreted extremely liberally, leave should not be granted automatically. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). A trial court may deny a motion for leave to amend based on various factors, including bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the party has previously amended. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## ANALYSIS

ADE argues leave to amend should be denied due to futility of amendment, undue delay, and prejudice to ADE (and presumably ARB). (*See* Resp. in Opp'n 5–10, ECF No. 25) The Court considers each in turn.

//

---

[1] Stronghold's motion was filed on April 30, 2012, the cut-off date for filing motions to amend or join parties. (Scheduling Order, ECF No. 18)

**1. Futility**

"A proposed amendment is futile only if no set of facts can be proven under the amendment to the pleadings that would constitute a valid and sufficient claim." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). ADE asserts that Stronghold's proposed amendment is futile because it is premised on the flawed argument that ADE purported to be a small enterprise under 49 C.F.R. 26.5 when in fact it was not. In addition, ADE argues that the proposed allegations fail to state a claim for intentional misrepresentation because they fail to satisfy the pleading requirements of Federal Rules of Civil Procedure 8 and 9(b). (Resp. in Opp'n 6–7, ECF No. 25)

With regard to the parties' dispute whether ADE qualifies as a "small business enterprise" under the relevant federal regulations, the Court cannot find at this juncture that "no set of facts can be proven under the amendment to the pleadings that could constitute a valid and sufficient claim." *Miller*, 845 F.2d at 214. Both parties point to 49 C.F.R. 26.5, which defines a "disadvantaged business enterprise" as a

> for-profit small business concern --
>
> (1) That is at least 51 percent owned by one or more individuals who are both socially and economically disadvantaged or, in the case of a corporation, in which 51 percent of the stock is owned by one or more such individuals; and
>
> (2) Whose management and daily business operations are controlled by one or more of the socially and economically disadvantaged individuals who own it.

49 C.F.R. 26.5. According to ADE, even if 49 percent of ADE is owned by ARB, ADE still qualifies as a "small business enterprise" under this section because it is not "at least 51 percent owned" by ARB. (Resp. in Opp'n 6, ECF No. 25) Stronghold asserts, however, that even if ADE satisfies the first prong of 49 C.F.R. 26.5, it does not satisfy the second. (Reply in Supp. 6, ECF No. 26)

Upon the Court's own review of the proposed allegations and based on the sparse argument provided by both parties on this issue, the Court cannot conclude that amendment would be futile. But future motions to dismiss on this matter would be entertained.

With regard to whether the proposed allegations satisfy Rule 8 and 9(b), Stronghold counters that its proposed claims are sufficiently detailed, or that the Court should allow a chance

1  to further amend if additional details are required.  (Reply in Supp. 7, ECF No. 26)  At this early
2  stage, the Court, in its discretion, declines to deny leave to amend for futility without prejudice to
3  ADE or ARB bringing a future motion to dismiss on this basis.  These issues will be better
4  addressed in a motion to dismiss when the parties can more fully set forth their arguments.
5  Stronghold is advised, however, that ADE is correct that Rule 9(b)'s heightened pleading standard
6  governs the pleading of a claim for intentional misrepresentation because it is a form of fraud.  *See*
7  *Cadlo v. Owens-Illinois, Inc.*, 23 Cal. Rptr. 3d 1, 5 (Cal. Ct. App. 2004); *Vess v. Ciba-Geigy*
8  *Corp., USA*, 317 F.3d 1097, 1102–03 (9th Cir. 2003).

**2.  Undue Delay**

10      In most situations, undue delay by itself "is insufficient to justify denying a motion to
11  amend."  *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).  But in some egregious cases, delays
12  may be sufficient on their own to deny amendment.  *See AmerisourceBergen Corp v. Dialysist*
13  *West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006).  Under the undue delay analysis, a relevant inquiry
14  is also whether the plaintiff "knew or should have known the facts and theories raised by the
15  amendment in the original pleading."  *Jackson*, 902 F.2d at 1388.

16      Here, though not dispositive, the Court notes that Stronghold made its motion within the
17  time prescribed in Magistrate Judge Adler's Scheduling Order.  And, although eight months have
18  elapsed since Stronghold filed its original counterclaims, discovery is still open, and the parties
19  have not yet engaged in any other motion practice.  *Cf. Acri v. International Ass'n of Machinists*
20  *&Aerospace Workers*, 781 F.2d 1393, 1398–99 (9th Cir. 1986).

21      While the Court has an aversion towards allowing amendments that could have been made
22  earlier, the Court is not convinced that Stronghold's decision not to amend at an earlier date was a
23  tactical one.  Even if the facts Stronghold seeks to allege now were known by it at an earlier date,
24  Stronghold was entitled—indeed, required—to make a reasonable inquiry as to the validity of
25  those allegations before seeking leave to amend.  *See* Fed. R. Civ. P. 11(b).

26      Thus, the Court finds that Stronghold's decision to add a new claim and a new party at this
27  point in litigation is not undue delay warranting denial of leave to amend.
28  //

**4. Prejudice**

Defendant urges the Court to deny leave to amend because it (and "presumably ARB") will be unduly prejudiced by the assertion of the new tort claim alongside the existing dueling contract claims. (Resp. in Opp'n 9, ECF No. 25) According to ADE, allowing the assertion of new claims at this stage in the litigation would create the need to extend the discovery cut-off date and to modify the Court's current Scheduling Order. (*Id.* at 9–10) But the Court notes that Magistrate Judge Adler already set an extended discovery period in this matter, and the Court is not convinced that the assertion of this additional claim will so significantly expand the scope of discovery so that it cannot be completed within the current deadline of December 21, 2012. Moreover, by setting a date by which any motions to amend or join parties must be filed, Magistrate Judge Adler set the remaining deadlines in this matter with an eye toward the possibility that the pleadings might be amended. Indeed, the deadline for all other motions is not until January 22, 2013, and the pre-trial conference is not until May 16, 2013. The Court finds, therefore, that Defendant will not suffer prejudice warranting the denial of leave to amend.

## CONCLUSION

For the reasons stated above, Stronghold's motion for leave to file a first amended counterclaim is **GRANTED**. Stronghold **SHALL FILE** its amended counterclaims within <u>fourteen days</u> of the date this Order is electronically docketed.

**IT IS SO ORDERED**.

DATED: August 31, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge